DUNCAN HOOD CORPORATION, RESPONDENT, v. CITY OF SUMMIT, APPELLANT.

GEORGE H. CULLIS ET AL., AS CULLIS & LEWIS, RESPONDENTS, v. CITY OF SUMMIT, APPELLANT.

Argued February 8, 1929—Decided May 20, 1929.

For the appellant, *Robert J. Bain* and *Clement K. Corbin*.

For the respondents, *Edward G. Pringle* and *Maximilian M. Stallman*.

The opinion of the court was delivered by

CAMPBELL, J.   Under an ordinance adopted pursuant to *Pamph. L.* 1920, *p.* 276 (being an amendment of the act of March 29th, 1917—2 *Cum. Supp. Comp. Stat., p.* 2401), the city of Summit established a building line along Springfield avenue and assessed the adjacent lands for benefits, and awarded compensation and damages for the taking of lands for the purposes of the improvement.   The respondents, being the owners of some of such lands, being dissatisfied with the assessments and awards as they affected their respective properties, appealed to the Circuit Court, where the causes were tried together before a struck jury, upon a framed issue.

From judgments thus obtained the city of Summit appeals.

The first grounds of appeal are directed at alleged errors in excluding certain questions asked by the appellant of the witness, Hermann de Selding.

Two of these questions so excluded go to the question of a contended dedication of the respondents of lands between the fronts of their buildings and the original inside line of the highway or sidewalk.

We think these questions were properly overruled and excluded because in the adoption of the ordinance, thereby fixing and establishing a building line outside of the original lines of Springfield avenue, and the awarding of compensation to the owners for the damage sustained by being barred from using the land for their private purposes, the city of Summit admitted and conceded that the property of the respondents so taken was not previously thereto charged with a public easement.

The next error complained of under this point is directed at the exclusion of an answer to a hypothetical question put by appellant to the witness, Frank H. Taylor, produced as a real estate expert.

The question seems to have been objected to and excluded because it was urged that an expert real estate witness could not testify to values based upon sales and transactions of which he had no personal knowledge, and, in fact, no knowledge at all, except as set up in a hypothetical question framed from facts testified to by another witness in the cause.

After interrogation of the witness, by the trial judge, he appears to have become satisfied that the witness in arriving at a conclusion as to values had taken the information contained in the question, before referred to, and had made an actual, personal, comparison of it with abutting and similar properties.

The question was finally excluded, however, upon the ground that it was leading.

Whether the question was properly or improperly excluded, no harmful, prejudicial error was created, because by questions put by the trial judge to this witness, immediately after such ruling, answers as to values were obtained, which, so far as anything before us shows, are the same answers as would have been forthcoming had the original question been permitted to be answered.

The next ground of appeal is directed at errors in permitting answers to certain questions addressed to the witness John D. Hood upon direct examination by the respondents.

Our consideration and examination of these questions

brings us to the conclusion that there was no error in these rulings because they related to the question of damages to respondents' lands arising from a situation created by the establishment of the building line.

The next ground of appeal attacks certain portions of the trial court's instructions to the jury, as being erroneous.

First—"The owners of the land in these cases had the right before the adoption of the building line ordinance to erect or extend and maintain their buildings out to the line of the property which they owned under their deed. The effect of the building line ordinance is to prevent these owners from erecting or extending and maintaining their buildings and structures upon that part of their land lying between their present buildings and the newly established building line of the southerly side of Springfield avenue."

This instruction is attacked upon the ground that there was no proof by offer of deed showing the property lines of the respondents and also because the instruction ignored the proof of dedication and user of the land for sidewalk purposes.

We think neither ground of objection is substantial.

As we have already indicated the appellant was not in a position to urge dedication nor do we think it was in a position to deny respondents' title, and as a matter of fact it does not seem to have done so.

Our conclusion is, therefore, that there was no error in this instruction.

Second—"You may take into consideration the effect of setting back the curb lines and widening the vehicular roadway in front of these properties, in order to determine whether the changes favorably or adversely affect the value of the property of these appellants."

This instruction was erroneous. It appears that at, or shortly after, the adoption of the building line ordinance the roadway of Springfield avenue was widened by setting back the curb line to within three feet of the original property line of appellants—thus widening the vehicular lane but narrowing the sidewalk. This was a proceeding entirely

separate and distinct from the establishing of the building line and could not be considered in the present proceeding. The proceeding here was to fix the damage or benefit to the owners of the lands affected by the establishment of the building line. This was the question and subject of inquiry of the commissioners of assessment, under the statute, and was, likewise, the subject of inquiry under the issue framed in this cause, and the inquiry related back to the situation and condition existing at the date the ordinance in question took effect. The instruction complained against related to a situation and condition arising and existing at a subsequent date.

The next ground for reversal relates to alleged errors in refusing to charge certain requests urged by the appellant.

Request 2. "It appears from the uncontradicted testimony that the sidewalk extending from the front lines of the present buildings of the Duncan Hood Company and Cullis and Lewis to the curb line had been used by the public continuously for over twenty years prior to the date of establishment of the building line, and, therefore, neither the Duncan Hood Company nor Cullis and Lewis are entitled to any damages because they are prevented by the building line from extending the fronts of their buildings."

Request 3. "If the jury find that the sidewalk extending from the front lines of the present buildings of the Duncan Hood Company and Cullis and Lewis to the curb line had been used by the public continuously for over twenty years prior to the date of establishment of the building line, neither the Duncan Hood Company nor Cullis and Lewis are entitled to any damages because they are prevented by the building line from extending the fronts of their buildings."

For the reasons already stated by us respecting the subjects covered by these requests it was not error to refuse to charge them.

Request 4. "Neither the Duncan Hood Company nor Cullis and Lewis are entitled to any damages to their properties caused by changes in the curb line or sidewalk in front thereof."

Here, again, for the reasons already stated by us respecting the subject covered by this request, it should have been charged, and it was error, to refuse to do so.

The final ground for reversal urged is that the trial court added to the verdicts, as returned by the jury, interest from the date of the adoption of the ordinance to the date of rendering the verdicts.

This was not error. As before indicated the taking of the lands of respondents was as of and from the date the ordinance in question became effective. At that date the damage, if any, to respondents arose and accrued and they were entitled to be compensated as of that date. Such compensation having been withheld they were entitled to the amount thereof together with interest for the forebearance.

For the reasons herein set forth the judgments under review are reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.